Filed 4/8/14  P. v. Grijalva CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066975 |
| v. | (Super. Ct. No. F12907509) |
| EDWARD LOPEZ GRIJALVA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Cornell, J., and Gomes, J.

Appellant, Edward Lopez Grijalva, appeals following his conviction by plea of grand theft firearm (count 1/Pen. Code, § 487, subd. (d))[1] and attempted auto theft (count 4/Veh. Code, § 10851, subd. (a)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 21, 2012, at approximately 4:20 p.m., upon arriving home and parking his car under a carport, Eugene P. heard loud sounds coming from his garage. Eugene walked into the garage and saw Grijalva by a workbench and the door open on a car parked inside. Eugene also saw a hammer and screwdriver on the front seat of the car, that the car's dashboard had been removed, and that its steering column was broken. Additionally, a door was open to a closet where Eugene kept his hunting equipment. Four rifles and a rangefinder he stored in the closet were laying on the trunk hood of the car. Eugene yelled at Grijalva asking what he was doing there and Grijalva replied that someone was trying to kill him. Grijalva then exited the garage carrying a .22-caliber rifle as Eugene's wife called law enforcement.

Fresno County Sheriff's deputies soon arrived on the scene and took Grijalva into custody. After being read his *Miranda*[2] rights, Grijalva stated he believed people were after him because he had a previous arrest for attempting to transport drugs, that he tried to take the car in order to get away from these people, and that he needed the firearms for protection.

On September 25, 2012, the district attorney filed a complaint charging Grijalva with grand theft firearm (count 1), possession of a firearm by a felon (count 2/§ 29800,

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436.

subd. (a)(1)), second degree burglary (count 3/§§ 459, 460, subd. (b)), and attempted vehicle theft (count 4).

On December 5, 2012, Grijalva pled no contest to the grand theft firearm and attempted auto theft charges in exchange for the dismissal of the remaining counts and a stipulated 16-month term.

On January 31, 2013, the court sentenced Grijalva to the stipulated, 16-month prison term, the mitigated term of 16 months on his grand theft firearm conviction and a concurrent middle term of one year on his attempted auto theft conviction.

Grijalva's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Grijalva has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.